MUNICIPAL COURT OF PROVIDENCE *vs.* WALTER W. McDON-
OUGH *et al.*

PROVIDENCE—NOVEMBER 19, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Guardian and Ward. Removal of Guardian. Suit on Bond. Appeal.
Pleading. Abatement.*

Pending an appeal from the allowance of the account of a guardian, an action against the guardian and surety on the bond, alleging a breach in that the guardian had not turned over the balance of his account after it had been allowed and he had been removed as guardian, cannot be maintained.

DEBT ON BOND.   Heard on demurrer to plea in abatement. Demurrer overruled.

STINESS, C. J.   This is a suit against the principal and surety on a bond given by McDonough as guardian of Annie Leonard, a person of full age.

(1)   The declaration alleges, as the breach of the bond, that although McDonough has made a true and just account to the Court of Probate, which was duly allowed, showing a balance in his hands of $3,789.93 due to his ward, he has not turned over the same to her upon his removal as such guardian. .

The defendant pleads that upon the allowance of the guardian's account said ward took an appeal to this court, and that this appeal has not been determined ; so that it has not been finally determined, in the course of administration, what, if any, amount remains due to said ward.

The plaintiff demurs to the plea on the ground that it neither traverses nor confesses and avoids the declaration.

Gen. Laws cap. 210, § 16, provides that in case of an appeal the order appealed from shall be suspended until it shall be affirmed by the Supreme Court.

The defendant pleads the fact of the appeal in abatement of the present action.

In *Court of Probate* v. *Thornton*, 21 R. I. 518, a similar plea was held good.

In *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, 16 R. I. 388, the pendency of another proceeding involving the same subject-matter in the same jurisdiction was recognized as a ground of abatement.

In *Dyer* v. *Dyer*, 17 R. I. 547, an appeal was held to suspend a decree of a Probate Court, as to matters not excepted by the statute, until affirmed by this court ; so that an allowance of real estate to a widow took effect only at the time of affirmance, and thereby did not entitle the widow to the rents and profits pending the appeal.

The same principle applies in the present case.   The appeal being a matter of abatement, the plea cannot apply to the merits of the claim set forth in the declaration, either by

way of denial or confession and avoidance.    The plea is well-founded, and the demurrer is overruled.

It is proper to add that the pleadings simply say the guardian was removed.    The appeal is alleged to have been taken by the ward, and, as she is a person of full age, we assume that she is no longer under guardianship.

*E. D. Bassett*, for plaintiffs.

*Comstock & Gardner*, for defendants.